UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHE AVRAMHAM, also known as
MARVIN ARNOLD POLLACK,

                              Plaintiff,

                -against-

JOHN/JANE DOE,

                              Defendant.

21-CV-0251 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff Moshe Avramham, also known as Marvin Arnold Pollack, is currently a patient

residing at the Mid-Hudson Forensic Psychiatric Center. He brings this action *pro se*. The Court

grants Plaintiff *in forma pauperis* ("IFP") status for the limited purposes of this order. For the

reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's handwritten complaint is largely illegible, and to the extent it can be read, it does not provide any coherent information. The complaint fails to identify a defendant,[1] and a page labeled "Affidavit in Support," appears to indicate that Plaintiff Avramham is bringing this action on behalf of a number of other individuals as their "next friend." (*See* ECF No. 1, at 5.) He attaches to the complaint copies of another individual's psychiatric records relating to that individual's involuntary hospitalization at Mid-Hudson.[2]

Plaintiff has a history of filing illegible and incoherent complaints in this Court, including complaints that purport to be brought on behalf of others as "next friend." *See Avramham v. NYS*

---

[1] It is the Court's understanding that the Clerk of Court listed "John/Jane Doe" on the docket because a defendant is required to open a civil action.

[2] Because Plaintiff has attached records containing sensitive medical information related to a non-party, the Court has requested that the Clerk of Court limit access to the complaint to "case participant-only."

*OMH*, ECF 1:20-CV-9382, 4 (S.D.N.Y. Dec. 11, 2020) (dismissing the largely illegible complaint as frivolous); *Avramham v. The Gvent State of New York*, ECF 1:20-CV-4441, 3 (S.D.N.Y. July 14, 2020) (dismissing the complaint, which Plaintiff appears to have brought on behalf of another individual known only as "Flores," for failure to state a claim without prejudice to any claims "Flores" may assert on his own behalf).

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, the complaint must be dismissed as frivolous. Plaintiff fails to comply with even the most minimal of pleading requirements. The complaint is illegible, making it unclear who he is suing. Plaintiff once again appears to improperly assert claims on behalf of other individuals.[3] The Court can discern no facts suggesting that Plaintiff is entitled to any form of legal relief. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

---

[3] As the Court explained in its order dismissing Plaintiff's complaint in ECF 1:20-CV-4441, 3, a person who is not an attorney may only represent himself in a *pro se* action; he may not represent another person. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("Because [§ 1654] permits parties only to plead and conduct their own cases personally, we have held that an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause. That is, in order to proceed *pro se*, [a] person must be litigating an interest personal to him.") (citations and internal quotation marks omitted, italics and second alteration in original)).

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C.

§ 1915(e)(2)(B)(i).

## WARNING

In light of Plaintiff's litigation history, the Court warns him that further filing of illegible

and frivolous actions may result in the Court, under 28 U.S.C. § 1651, imposing restrictions on

Plaintiff's ability to file new civil actions in this Court.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket.

The Court dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns him that further filing of illegible and frivolous actions may result in the

Court, under 28 U.S.C. § 1651, imposing restrictions on Plaintiff's ability to file new civil

actions in this Court.

SO ORDERED.

Dated:   February 19, 2021
         New York, New York

                                                    *Louis L. Stanton*
                                                    LOUIS L. STANTON
                                                    U.S.D.J.